IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR CORREA,

      Plaintiff,                    No. CIV S-09-2269 EFB P

      vs.

ATTORNEY'S DIVERSIFIED SERVICES,

      Defendants.             ORDER

                                    /

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against defendant.

1

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff claims that on two separate occasions he wrote to defendant, Attorney Diversified Services, "to obtain a conformed copy of [his] civil claim." Compl. at 4. He alleges that defendant should have provided him with the requested copy free of charge because he has been given leave by the court to proceed *in forma pauperis*. *See id.*

Plaintiff has failed to state a cognizable claim for relief. First, Attorney Diversified Services is a private entity. There is no right to be free from the infliction of constitutional deprivations by private entities. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Second, even if defendant were not a private entity, plaintiff fails to state a claim, as the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989). The *in forma pauperis* statute does not authorize the expenditure of public funds for copies. *See* 28 U.S.C. § 1915.

Accordingly, the court hereby ORDERS that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

3. This action be dismissed with prejudice for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

Dated: January 20, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE